THE STATE OF OHIO, Appellee,

v.

BROOKS, Appellant.

[Cite as *State v. Brooks* (1996), 113 Ohio App.3d 88.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–241.

Decided July 26, 1996.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, and *Stewart Jones,* Assistant Prosecuting Attorney, for appellee.

*Sheldon Slaybod,* for appellant.

*Per Curiam.*

This matter is before the court on appeal from the Lucas County Court of Common Pleas. Appellant, Shawn Brooks, asserts the following assignments of error:

"I. The verdict is against the manifest weight of the evidence.

"II. Appellant was denied his Sixth Amendment right to effective assistance of counsel by that counsel's failure to adequately safeguard appellant's interest, a violation of due process."

A trial commenced on July 10, 1995. Toledo Police Officer Terry Wozniak testified that he was on duty the evening of April 1, 1995. That night, he was dispatched to 700 Galena Street to investigate a report of a man waiving a gun. When he arrived, he saw two males fighting in the street. A third male, later identified as appellant, was swinging a pool cue. Officer Wozniak and his partner, Officer Cooper, proceeded to break up the fight. The officers restrained the three men against a wall until reinforcements arrived. Appellant was ultimately arrested for disorderly conduct. Officer Wozniak conducted a patdown search of appellant's body but found no weapons.

Toledo Police Officer Donald Nachtraub testified that he and his partner, Officer Eycke, were dispatched to Galena Street on the evening of April 1, 1995. When he arrived, he learned that appellant had been placed under arrest. Officer Nachtraub handcuffed appellant and briefly searched him. Finding no contraband, Nachtraub seated appellant in the back of a police cruiser for transport to the Lucas County Jail. At the jail, Officer Eyke escorted appellant out of the cruiser. Officer Nachtraub lifted up the rear seat of the cruiser where appellant had been sitting. There he found a small package of crack cocaine. Officer Nachtraub testified that he "religiously" checks the back seat of his cruiser for contraband after transporting prisoners.

On May 30, 1995, appellant was indicted on one count of drug abuse, a violation of R.C. 2925.11 and a third degree felony. A jury found him guilty on July 11, 1995. The jury further found that appellant had previously been convicted of aggravated drug trafficking. He was sentenced to a two-and-one-half to ten-year prison term.

In his first assignment of error, appellant contends his conviction was against the manifest weight of the evidence. Specifically, appellant contends the state did not prove the element of possession.

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

Determinations of witness credibility are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212. A judgment of conviction shall not be reversed upon appeal unless it can be said that the trier of fact lost its way or created a miscarriage of justice. *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652.

■ Appellant was convicted of violating R.C. 2925.11, drug abuse, which states: "(A) No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.01(L) states: " 'Possess' or 'possession' means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession of a controlled substance may be constructive. *State v. Haynes* (1971), 25 Ohio St.2d 264, 269–270, 54 O.O.2d 379, 381–382, 267 N.E.2d 787, 790–791; *State v. Boyd* (1989), 63 Ohio App.3d 790, 580 N.E.2d 443. The crucial issue is not whether the accused has actual physical contact with the controlled substance but, rather, whether the accused is capable of exercising dominion and control over the substance. *State v. Wolery* (1976), 46 Ohio St.2d 316, 332, 75 O.O.2d 366, 375–376, 348 N.E.2d 351, 362. Close proximity to readily usable drugs may constitute sufficient circumstantial evidence of dominion or control. *State v. Barr* (1993), 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247–248.

■ Nachtraub testified that he conducts a patdown search of any prisoner before he places them in his cruiser. After a prisoner is removed from his

cruiser, Nachtraub testified he "religiously" searches his cruiser for any contraband that may have been left during transportation.

Officer Nachtraub testified that before he seated appellant in the cruiser, he handcuffed both of appellant's hands behind his back. During the ride, appellant, alone in the back seat, was very talkative. Nachtraub also testified that appellant would continually slide his body forward to the front seat only to be told several times to "sit back." Nachtraub testified that before he transported appellant, he had searched his cruiser and found it to be free of contraband. At no time was the cruiser left unlocked.

Appellant, despite his handcuffs, was capable of limited movement. The jury in this case chose to believe the testimony of Officer Nachtraub that the crack appeared only after appellant had been in the cruiser. Because we can find no evidence in the record that the jury lost its way or created a miscarriage of justice, appellant's first assignment of error is found not well taken.

In his second assignment of error, appellant contends that he was denied effective assistance of counsel. Specifically, appellant contends that his counsel was ineffective for failing to question, on voir dire, a prospective juror who happened to be a local municipal court judge.

The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, as follows:

"2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391 [2 O.O.3d 495, 358 N.E.2d 623]; *Strickland v. Washington* [1984], 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674], followed.)

"3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

Further, there is " 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional.' " *Bradley, supra,* 42 Ohio St.3d at 142, 538 N.E.2d at 380, quoting *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Ohio presumes a licensed attorney is competent. *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164.

The law of this state does not preclude a municipal court judge, by virtue of his or her profession, from sitting on a common pleas court jury. Appellant has not

shown that the outcome of his trial would have been different had his counsel questioned the judge and ultimately had him excused from the jury. Accordingly, appellant's second assignment of error is found not well taken.

On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., and SHERCK, J., concur.

ABOOD, J., concurs in judgment only.