OPINION
Appellant, Omar L. Pollard, brings this appeal from a judgment of the Ashtabula County Court of Common Pleas, finding him guilty of possessing a controlled substance, crack cocaine, following a jury trial. For the reasons adduced below, the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.
On April 7, 1999, appellant was indicted by the Astahbula County Grand Jury on one count of possession of cocaine, in an amount exceeding one gram, but not exceeding five grams, in violation of R.C. 2925.11(A) and (C)(4)(b). Appellant entered a plea of not guilty, and the matter proceeded to a jury trial on July 14, 1999.
At appellant's jury trial, the following facts were established. On the evening of January 23, 1999, appellant was a passenger in a vehicle driven by Nelson Rosato ("Rosato").[1] That evening, there was light snow on the ground. At approximately 6:45 p.m., Officer John Koski ("Officer Koski") of the Ashtabula City Police Department, noticed that the vehicle did not have a front license plate, and that the driver, Rosato, was not wearing a seat belt. As Officer Koski proceeded to stop the vehicle, he observed Rosato and appellant immediately exit the vehicle and begin walking away. When Rosato exited the vehicle, Officer Koski saw a bag of marijuana fall to the ground some two feet from the vehicle.[2]
For his own safety and for fear that the men would attempt to flee, Officer Koski ordered appellant and Rosato to get back into the vehicle and keep their hands visible. Appellant had walked several feet away from the passenger side of the vehicle when he was ordered back to the vehicle. When appellant failed to cooperate with the request to keep his hands visible, Officer Koski called for another unit to assist him. Because appellant failed to comply with the request, Officer Koski admitted that he was unable to see appellant's hands as they were out of sight.
In response to the request for backup, Officer Skip Gray ("Officer Gray") arrived on the scene and was informed by Officer Koski that appellant was not complying with the request to keep his hands visible. As a result, Officer Gray watched appellant while Officer Koski had Rosato step out of the vehicle. Within minutes, several other patrol units arrived to further assist Officer Koski, including Officers Tulino, Kemmerle and Cellitti.
Subsequently, Rosato was arrested for driving without a license and cited for failure to wear a seat belt and possession of marijuana. After placing Rosato in the back of his patrol car, Officer Koski proceeded to remove appellant from the passenger side of the vehicle. When appellant stepped out of the vehicle, Officer Kemmerle observed a bag of what appeared to be crack cocaine lying six to eight inches outside the passenger side of the vehicle in the gutter on the side of the road. Officer Kemmerle testified that the bag was on some slush in the gutter on the side of the road and appeared "as though it had just been dropped there."
Officer Tulino, who was also on the scene, discovered a second bag of crack cocaine lying on the tree lawn, approximately a few feet from the passenger's side of the vehicle where appellant had been standing when he first exited the vehicle. Officer Tulino testified that when he picked up the bag of crack cocaine off the tree lawn, it was lying on top of the snow and did not have any snow or dirt on top of it.
Thereafter, appellant was advised that he was being placed under arrest. He was asked to put his hands behind his back so that he could be handcuffed. Despite this request, appellant started to resist. As a result, Officers Cellitti and Gray assisted Officer Koski in handcuffing appellant and placing him in Officer Tulino's patrol car.
This matter proceeded towards trial, and on July 15, 1999, the jury returned a verdict of guilty for possession of crack cocaine. The sentencing proceeding was postponed until October 4, 1999 wherein the trial court sentenced appellant to a two year term of community sanctions under the supervision of the Ashtabula County Adult Probation Office, suspended his driver's license for six months, and ordered him to pay court costs. It is from this judgment which appellant filed a timely notice of appeal, asserting two assignments of error for our consideration:
 "[1.] The trial court erred and abused its discretion by not excluding evidence when the probative value of such evidence was substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
 "[2.] The appellant's conviction for [possession of cocaine] was against the manifest weight of the evidence."
 Under the first assignment of error, appellant argues that the trial court erred in permitting $66 in cash and a pager to be admitted into evidence. Appellant claims that the state was attempting to create an improper bias in the minds of the jurors that he was a drug dealer despite the fact that he was only charged with possession of a controlled substance. Thus, he argues that the admission of this evidence was substantially and unfairly prejudicial, confusing and misleading, such that it was subject to the mandatory exclusion pursuant to Evid.R. 403(A).
In rebuttal, appellee, the state of Ohio, submits that the pager along with a sum of money, in bills small enough to make change, does suggest that appellant possessed the drugs found near his side of the vehicle and was not admitted to prove or disprove that appellant was a drug dealer. We respectfully suggest that these latter conclusions would be the only reasons that the state had for seeking admission of this evidence.
It is well-settled that the trial court has broad discretion in determining the admissibility of evidence. State v. Robb (2000),88 Ohio St.3d 59, 68; State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. An appellate court will not reverse a trial court's ruling on the admissibility of evidence absent a clear showing of an abuse of discretion and material prejudice to the defendant. State v.Finnerty (1989), 45 Ohio St.3d 104, 109; State v. Earle (1997),120 Ohio App.3d 457, 469. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157.
Pursuant to Evid.R. 403(A), the trial court must exclude relevant evidence if its probative value does not outweigh the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. "Even in a jury trial, this is a difficult standard to meet, and broad discretion is vested in the trial judge." State v. Bays (1999),87 Ohio St.3d 15, 28.
In the case at bar, appellant was indicted only on drug possession. He was not indicted on drug trafficking or possession of a criminal tool, to-wit: money and a pager.
During the booking process, Officer Tulino realized that appellant had been carrying $66 in cash and a pager. At trial, Officer Tulino indicated that when a suspect is caught with drugs, it was police procedure to have the suspect's money, pager, or cell phone confiscated and placed into evidence.
Upon consideration, we conclude that, under the charge of drug possession, the admission of the pager and currency would have been acceptable only if the police officer could testify that appellant was a known drug dealer and that these were the tools of his trade. It is unlikely that the police officer could have done so here.
Furthermore, it ought to be self-evident that a criminal conviction cannot be based, in whole or in part, upon the "bad character of the defendant" theory. Evid.R. 404(B). In limited instances, it is permissible to admit evidence concerning prior acts of a criminal defendant under Evid.R. 404(B), which provides:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 However, possession of a pager and currency does not remotely constitute a crime, wrong, or act.
Appellant was not charged with drug trafficking. If he had been, then the possession of currency in small denominations and a pager would be admissible to show that it was more probable than not that appellant was a drug trafficker.[3] Here, the state attempted to use these items to create an obvious inference that if appellant was a drug dealer equipped to do business, then it was probable he had possession of the drugs.
However, under the existing facts, that inference cannot be drawn in regards to drug possession without first drawing the inference that appellant was a drug dealer. Drawing an inference upon an inference is bad form, especially in a criminal matter. "[A]n inference cannot be predicated solely upon another inference which is unsupported by facts in evidence." State v. Deel (Sept. 30, 1986), Lake App. No. 11-062, unreported, at 18, 1986 WL 11203, citing Hurt v. Charles J. RogersTransp. Co. (1955), 164 Ohio St. 329. See, also State v. Ashworth
(Feb. 23, 2001), Portage App. No. 99-P-0094, unreported, at 17, 2001 Ohio App. LEXIS 687.
The evidence in question did not make it more probable than not that appellant possessed drugs. It only made it slightly probable that he was a drug dealer. The only way a trier of fact could have concluded that appellant possessed drugs would be if the trier of fact first decided that because appellant had a pager and currency, he was a drug dealer. There was no way that the former conclusion could be legitimately reached without first reaching the latter conclusion. Thus, the evidence of the pager and currency, as introduced and used, was, indeed, irrelevant and prejudicial to the issue of whether appellant was in possession of crack cocaine. Accordingly, appellant's first assignment of error has merit.
In the second assignment of error, appellant submits that his conviction for possession of crack cocaine was against the manifest weight of the evidence. According to appellant, it was inconclusive as to whether appellant even occupied the premises upon which the crack cocaine was found. Even if appellant occupied the premises where the crack cocaine was found, Rosato, the driver of the vehicle, equally occupied that space.
The evidence of possession was primarily circumstantial in nature. Specifically, there was evidence that appellant was located in close proximity to the contraband. Certainly, that fact could help to support a conclusion that appellant had constructive possession. State v. Brooks
(1996), 113 Ohio App.3d 88, 90; State v. Barr (1993), 86 Ohio App.3d 227,235; State v. Pruitt (1984), 18 Ohio App.3d 50, 58.
However, when appellant was arrested, he did not have crack cocaine in his hands or on his person. The state presented the testimony of three members of the Astahbula City Police Department who were involved in observing and apprehending appellant. Although none of the officers specifically saw appellant throw anything, there were times that Officer Koski was unable to see appellant's hands as he refused to comply with the officer's request to keep his hands visible. Further, appellant initially exited the vehicle just prior to Officer Koski's stop and had walked a few feet away from the passenger side of the vehicle before being ordered to return to the vehicle.
Additionally, there was testimony from Officer Kemmerle that the first bag of crack cocaine was found approximately six to eight inches outside the passenger side of the vehicle on the side of the road. Although the bag was lying intact on some slush, it appeared "as though it had just been dropped there." Likewise, Officer Tulino testified that he discovered the second bag of crack cocaine approximately a few feet from the passenger's side of the vehicle where appellant had been standing when he first exited the vehicle. When Officer Tulino proceeded to pick up the bag, he noticed that it was lying on top of the snow and did not have any snow or dirt on top of it. "It was like it had been freshly thrown on the ground."
What is impossible for this court to sort out is the impact of the prosecutor's closing argument on the jury. There, the prosecutor implied that appellant was really an uncharged drug dealer because he had a pager and currency; ergo, it was more likely than not that he was the one who dropped, tossed, or possessed the drugs:
 "Now, the other funny thing is defense counsel is alluding to the fact that the driver is a drug dealer, provided this other person with $1200 bond. Well, if you're going to follow that line of reasoning, let's think about this and, I don't know, but what is the defendant doing in a car with a drug dealer? Saturday night, drug dealer, and guess what, even the defendant, he has his pager. He has his pager. He has his 31 dollar bills, three 5 dollar bills and a 20. Could it be that maybe it's a Saturday night, crack cocaine, depending on the size of the rock, what do you want, $5? You know, I get beeped, got a drug connection, $5, make change for 10. Here's your 5, here's your rock cocaine."
 When reviewing a claim that the judgment was against the manifest weight of the evidence, we must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 387; State v. Duong (Dec. 11, 1998), Trumbull App. No. 98-T-0026, unreported, at 4, 1998 Ohio App. LEXIS 5999; State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 16, 1994 Ohio App. LEXIS 5862.
As previously indicated, we have one too many inferences being offered to the fact finder. In the instant matter, appellant was convicted for a violation of R.C. 2925.11(A), which states: "No person shall knowingly obtain, possess, or use a controlled substance." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). R.C. 2925.01(K) further defines "possess" or "possession" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
A review of the record herein reveals that there was critical evidence, money and a pager, which was admitted in an improper context and which was used in a highly improper manner by the prosecutor during her closing argument. Had this evidence not been so used, arguably the jury might have concluded that there was an otherwise adequate amount of evidence to convict appellant for possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(b). Then again, it might not. Unfortunately, we cannot tell if the evidence which branded appellant as a drug dealer made a difference to the jury in its weighing and assessment of the other testimony presented by the state. The other evidence presented did not create a slam-dunk quantum of evidence for the state.
In summary, the money and pager found on appellant's person should not have been introduced into evidence in the manner in which it was. Neither should the prosecutor have used its admission to argue an inference on an inference. Ashworth at 17; Deel at 18. Thus, we hold that the admission and subsequent use of the money and pager was not only error, but prejudicial error. Accordingly, appellant's second assignment of error is well-taken.
Based on the foregoing analysis, appellant's first and second assignments of error have merit, and the judgment of the trial court is reversed and the case is remanded for further action consistent with this opinion.
O'NEILL, P.J., concurs, NADER, J., concurs in judgment only.
[1] The owner of the vehicle, Beth Askew ("Askew"), gave Rosato permission to use the vehicle. Additionally, Rosato had left $1,200 with Askew in order to bail him out of jail in case he was arrested.
[2] Officer Tulino, another police officer who arrived on the scene to assist Officer Koski, also noticed this bag of marijuana on the ground near the driver's side of the vehicle. Subsequently, Officer Tulino retrieved a second bag of marijuana from underneath the passenger side of the vehicle. At trial, Officer Tulino testified that the second bag of marijuana was found lying on top of the pavement and did not have any tire marks or dirt on it. Appellant further admitted to Officer Tulino that the bag of marijuana was his.
[3] These items have been determined to be commonly used in drug trafficking. State v. Tolbert (1996), 116 Ohio App.3d 86, 92; State v.Mann (1993), 93 Ohio App.3d 301, 309-310; State v. Blount (June 12, 1991), Summit App. No. 14898, unreported, at 4, 1991 WL 108567. In addition, it has been generally held that money and pagers found in a defendant's possession, along with drugs, are sufficient evidence to support a criminal tool conviction. Tolbert at 91-92; Mann at 309; Statev. McShan (1991), 77 Ohio App.3d 781, 784.