[Cite as *State v. Simmons*, 2011-Ohio-3737.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO                           :
                                        :        Appellate Case No. 24248
    Plaintiff-Appellee           :
                                        :        Trial Court Case No. 2010-CRB-4630
v.                                      :
                                        :
CARL SIMMONS                            :        (Criminal Appeal from
                                        :         Dayton Municipal Court)
    Defendant-Appellant          :
                                        :
      . . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of July, 2011.

. . . . . . . . . . .

JOHN DANISH, Atty. Reg. #0046639, and STEPHANIE COOK, Atty. Reg. 0067101, by
Amy B. Musto, Atty. Reg. #0071514, Dayton Municipal Prosecutor's Office, 335 West Third
Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. #0072135, 424 Patterson Road, Dayton, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant Carl Simmons appeals from his conviction and sentence

for Possession of Drug Abuse Instruments.  He argues that he was denied the effective

assistance of trial counsel and that his conviction is against the manifest weight of the

evidence.  We conclude that Simmons was not denied his constitutional right to the effective

assistance of counsel and that his conviction is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 2} One evening in May 2010, Dayton Police Officer Speelman was on patrol when he observed Simmons jaywalking. Simmons was walking in the middle of Richmond Avenue, a two-lane residential street with sidewalks on both sides of the street. Officer Speelman noticed that there was some overgrown brush partially blocking the sidewalk, but not completely obstructing it. Officer Speelman stopped Simmons. He conducted a pat-down for weapons, and finding none, asked Simmons for identification. Simmons had no identification, so Officer Speelman asked him to sit in the back of the cruiser. Simmons provided Officer Speelman with his social security number. After confirming Simmons's identity and finding that he had no outstanding warrants for his arrest, Officer Speelman issued Simmons a verbal warning and opened the back door of the cruiser to allow Simmons to continue on his walk to work.

{¶ 3} As Simmons began to walk away, Officer Speelman looked into the backseat, as he does each time anyone leaves his cruiser. Simmons said, "There's nothing back there, I don't do nothing like that," which struck Officer Speelman as odd. Officer Speelman found two hypodermic syringes in the area in which Simmons's feet had rested. The syringes were later tested and found to contain heroin residue. Officer Speelman had checked the rear of his cruiser both at the beginning of his shift and about 45 minutes before encountering Simmons, when Officer Speelman had taken someone to jail. Because nobody else had been in the back of the cruiser until Simmons, Officer Speelman concluded that the syringes belonged to

Simmons.

{¶ 4} Officer Speelman called out to Simmons to return to the cruiser. Officer Speelman placed Simmons under arrest for Possession of Drug Abuse Instruments, and he issued a jaywalking citation. Simmons claimed that the syringes had already been in the cruiser before he sat down the first time. Although Officer Speelman never showed the syringes to Simmons prior to his incarceration, Simmons told Speelman on the way to jail that both of the needles attached to the syringes were bent.

{¶ 5} Simmons testified that the sidewalk was so crowded with debris that he had to walk in the street along the curb in order to avoid it. He claims that Officer Speelman had the syringes in his hand when Simmons got out of the cruiser, and Simmons told him, "You're not putting any needles on me, I don't shoot drugs; I don't have 'em." Simmons remained by the cruiser because the officer was blocking his way and telling him that he was under arrest. Simmons claims that Officer Speelman planted the syringes. He also claims that the syringes presented at trial were not the same ones that he saw in the officer's hand during the stop.

{¶ 6} Following a bench trial, the court found Simmons guilty of both Jaywalking and Possession of Drug Abuse Instruments, and he was sentenced accordingly. From his conviction and sentence for Possession of Drug Abuse Instruments, Simmons appeals.

II

{¶ 7} Simmons's First Assignment of Error is as follows:

{¶ 8} "APPELLANT RESPECTFULLY SUBMITS THAT SHE [SIC] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED TO HIM BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION."

{¶ 9} In his First Assignment of error, Simmons claims that he was denied the effective assistance of trial counsel because counsel failed to file a timely motion to suppress. In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. See, also, *State v. Bradley* (1989), 42 Ohio St.3d 136. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance, and to show deficiency the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. 466 U.S. at 688.

{¶ 10} The Supreme Court of Ohio has held that neither the failure to file, nor the withdrawal of, a motion to suppress amounts to ineffective assistance of counsel "when doing so was a tactical decision, there was no reasonable probability of success, or there was no prejudice to the defendant." *State v. Nields,* 93 Ohio St.3d 6, 34, 2001-Ohio-1291. (Citations omitted.) See, also, *Kimmelman v. Morrison* (1986), 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 ("[F]ailure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. * * * .")

{¶ 11} Simmons insists that his attorney should have filed a motion to suppress, because the stop was not valid. He argues that the stop was not valid because he was not jaywalking, since the sidewalk was obstructed by debris and he was walking as close to the curb as possible. Officer Speelman, on the other hand, testified that the sidewalk was not so obstructed as to cause Simmons to have to walk in the street. Additionally, Officer Speelman saw Simmons walking in the middle of the lane – not as close to the curb as possible. The question becomes one of witness credibility: who did the trial court believe? The

credibility of witnesses and the weight to be given to their testimony are matters for the trier of fact to resolve. *State v. DeHass* (1967), 10 Ohio St.2d 230, 231. The finder of fact hears the testimony of all of the witnesses and sees their demeanor on the stand. Because the finder of fact "is particularly competent to decide 'whether, and to what extent, to credit the testimony of particular witnesses,' we must afford substantial deference to its determinations of credibility." *State v. Spears,* 178 Ohio App.3d 580, 2008-Ohio-5181, ¶12, quoting *State v. Lawson* (Aug. 22, 1997), Montgomery App. No. 16288. "This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict." *State v. Pounds,* Montgomery App. No. 21257, 2006-Ohio-3040, ¶39, citing *State v. Bradley* (Oct. 24, 1997), Champaign App. No. 97-CA-03.

{¶ 12} The trial court, as the finder of fact, found Simmons guilty beyond a reasonable doubt of Jaywalking; therefore, the trial court must have credited the testimony of Officer Speelman in preference to the contradictory testimony of Simmons. Consequently, a motion to suppress would not have been successful, and Simmons can show no prejudice in counsel's tactical decision not to file one.

{¶ 13} Simmons's First Assignment of Error is overruled.

III

{¶ 14} Simmons's Second Assignment of Error as is follows:

{¶ 15} "APPELLANT RESPECTFULLY SUBMITS THAT THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 16} In his Second Assignment of Error, Simmons argues that his conviction for

Possession of Drug Abuse Instruments is against the manifest weight of the evidence. When reviewing a judgment under a manifest weight standard of review, " '[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the * * * [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction.' " *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

{¶ 17} Simmons was convicted of Possession of Drug Abuse Instruments, in violation of R.C. 2925.12(A), which states: "No person shall knowingly make, obtain, possess, or use any instrument, article, or thing the customary and primary purpose of which is for the administration or use of a dangerous drug, other than marihuana, when the instrument involved is a hypodermic or syringe, whether or not of crude or extemporized manufacture or assembly, and the instrument, article, or thing involved has been used by the offender to unlawfully administer or use a dangerous drug, other than marihuana, or to prepare a dangerous drug, other than marihuana, for unlawful administration or use."

{¶ 18} Essentially, Simmons argues that the State failed to prove that he was ever in possession of the syringes, because nobody ever saw him with them. R.C. 2925.01(K) states: " 'Possess' or 'possession' means having control over a thing or substance * * *." Furthermore, "[p]ossession may be actual or constructive. When possession is alleged to be constructive, the crucial issue is not whether the accused had actual physical contact with the

article concerned, but whether the accused was capable of exercising dominion or control over it." *State v. Ruby*, 149 Ohio App.3d 541, 2002-Ohio-5381, ¶30, citing *State v. Brooks* (1996), 113 Ohio App.3d 88.

{¶ 19} "Constructive possession exists when an individual is able to knowingly exercise dominion and control over an object, even thouh it is not within his immediate physical possession." Id. at ¶ 36, citing *State v. Hankerson* (1982), 70 Ohio St.2d 87. Furthermore, evidence of constructive possession may be either direct or circumstantial. "Circumstantial evidence and direct evidence have the same probative value." Id., citing *State v. Jenks* (1991), 61 Ohio St.3d 259.

{¶ 20} Officer Speelman testified that he checked the back of his cruiser for contraband at the beginning of his shift. He checked again about 45 minutes before Simmons was seated in the cruiser, after Officer Speelman dropped another individual off at the jail. Such searches are a routine part of any officer's job. No syringes were present during either check, and nobody else was seated in the back of the cruiser between the individual dropped off at the jail and Simmons. Furthermore, the cruiser's back seat was made of molded plastic, with no seat cushions or other areas in which the syringes could have been hidden prior to Simmons's presence. The syringes were found immediately after Simmons exited the cruiser, on the floor where Simmons's feet had rested.

{¶ 21} Simmons's spontaneous comments to Officer Speelman provide further circumstantial evidence in support of the court's finding that Simmons was in possession of the syringes. First, Simmons appeared to have attempted to dissuade Officer Speelman from checking the rear of the cruiser when he said, "This is nothing back there, I don't do nothing

like that." Second, although Officer Speelman never showed Simmons the syringes, Simmons accurately pointed out that the needles on both syringes were bent.

{¶ 22} In factually similar cases, we have consistently held that when a police officer has searched his cruiser for contraband prior to a defendant's presence in the cruiser, and the officer finds contraband after the defendant's presence, convictions for possession of illegal drugs and/or drug paraphernalia are not against the manifest weight of the evidence. *State v. Jones,* Montgomery App. No. 20064, 2004-Ohio-6054. See, also, *Ruby,* supra, at ¶ 36, citing *State v. Brown* (July 14, 2000), Montgomery App. No. 17891 and *State v. Scalf* (1998), 126 Ohio App. 614; *State v. Wright*, Clark App. No. 2003-CA-91, 2004-Ohio-6780, at ¶ 9, citing *State v. Brooks* (1996), 113 Ohio App.3d 88.

{¶ 23} Other courts have held that evidence of the presence of contraband in a cruiser immediately after a defendant's presence in the cruiser may amount to circumstantial evidence of the defendant's actual possession of that contraband. *State v. Stringer* (September 29, 1997), Scioto App. No. 97 CA 2506; *State v. Primus*, Franklin App. No. 01AP-1296, 2002-Ohio-3258, ¶ 12, citing *State v. Treesh* (2001), 90 Ohio St.3d 460, 485.

{¶ 24} Ultimately, Simmons presents a question of credibility. The credibility of witnesses and the weight to be given to their testimony are matters for the trier of fact to resolve. *DeHass,* supra, at 231. The trial court's guilty verdict reflects that the court found the testimony of the State's witnesses to be more credible than that of Simmons. A finder of fact does not lose its way simply because it chooses to believe the State's witness in preference to the defendant's. *State v. Pounds,* Montgomery App. No. 21257, 2006-Ohio-3040, at ¶40. From our review of the evidence in this record, Simmons's

conviction for Possession of Drug Abuse Instruments is not against the manifest weight of the evidence.

{¶ 25} Simmons's Second Assignment of Error is overruled.

IV

{¶ 26} Both of Simmons's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

John Danish/Stephanie Cook
Amy B. Musto
Jay Adams
Hon. John S. Pickrel