[Cite as *State v. Dickson*, 2013-Ohio-5293.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.   12 CO 50 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| GEORGE DICKSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Municipal Court,
                                 Case No. 12CRB266.


JUDGMENT:                        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Robert Herron
                                 Prosecuting Attorney
                                 Attorney Megan Payne
                                 Assistant Prosecuting Attorney
                                 38832 Satlwell Road
                                 Lisbon, Ohio  44432

For Defendant-Appellant:         Attorney Peter Horvath
                                 38294 Industrial Park Road
                                 P.O. Box 501
                                 Lisbon, Ohio  44432


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                 Dated:  November 6, 2013

[Cite as *State v. Dickson*, 2013-Ohio-5293.]
VUKOVICH, J.

{¶1} Defendant-appellant, George Dickson, Jr., appeals from his conviction in Columbiana County Municipal Court of first-degree misdemeanor domestic violence in violation of R.C. 2919.25(A). In his sole assignment of error, appellant argues that the evidence presented to the jury was insufficient to support the conviction. For the reasons expressed below, there was sufficient evidence to support the conviction. Thus, the judgment of the trial court is hereby affirmed.

<u>STATEMENT OF THE CASE</u>

{¶2} On March 30, 2012, a criminal complaint was filed in the Columbiana County Municipal Court, charging appellant with one count of domestic violence, pursuant to R.C. 2919.25(A), a first-degree misdemeanor. This charge arose as a result of an incident that occurred on the evening of March 29, 2012 between appellant and his wife, Cathy, at their home in Salineville, Ohio. Appellant pled not guilty and the case proceeded to a jury trial.

{¶3} During the trial, Cathy testified that, when she came home on the evening of March 29, 2012, appellant was in a bad mood and had been drinking. Tr. 8. She stated that they started arguing. Tr. 10. They then went into separate rooms; she went into the master bedroom to watch television, while he went to the other bedroom. Tr. 10-11. After a while, he kicked the door of the master bedroom open, tore the door off the hinges, and threw the door onto the bed she was laying on. Tr. 12. He was screaming at her during this process. He then punched a hole in the wall, grabbed a rifle out of the closet, and stated, "Do I have to kill you and kill myself to get you out of my life?" Tr. 13-14. He then swung the rifle around like a bat and began hitting the door with the butt of the rifle causing the door to splinter. Tr. 14-117. According to her, he then picked up a piece of the wood and threw it at her, which caused a dime sized injury to her buttock. Tr. 17, 21-22.

{¶4} Appellant also testified at trial. He claimed that he had not been drinking, that he was in a good mood and that it was Cathy who was in a bad mood. Tr. 112. He stated that an argument ensued about their sex life. Tr. 115. He indicated that they initially ended up in separate bedrooms, but because he needed

clothes from the master bedroom, he went in there. Tr. 115. He claimed that at the time he went into the bedroom, he was still emotionally hurt from their argument and when he pushed the bedroom door open it came off the hinges because it was poorly constructed; he claimed he did not kick it open. Tr. 119. He indicated he threw the door on the bed, but Cathy was not sitting on the bed at that time. Tr. 120. He admitted to punching a hole in the wall and using the butt of the rifle to punch a hole in the door. He also admitted that he did throw a piece of wood, but claimed that it did not go anywhere near Cathy. Tr. 125, 131. He further stated that Cathy has psoriasis and that sometimes the skin on her buttock bleeds when she scratches it. Tr. 120.

{¶5} The jury found appellant guilty. He was sentenced to 180 days, with 150 days suspended. He was ordered to complete two years of intensive probation, to serve 40 hours of community service within 120 days, and to have no contact with the victim. He was also fined $350 and ordered to pay the costs. 10/24/12 J.E.

{¶6} Appellant timely appeals from his conviction and sentence.

### ASSIGNMENT OF ERROR

{¶7} Appellant raises a single assignment of error, contending that:

{¶8} "Evidence that defendant knowingly caused physical harm or attempted to cause physical harm was insufficient to support the conviction."

{¶9} The stated assignment of error presents a sufficiency of the evidence argument. However, in the argument section of the brief, appellant also states that "[t]his is a question of the manifest weight of the evidence." Consequently, we find that appellant is not only raising a sufficiency of the evidence argument, but also a manifest weight of the evidence argument. Each argument will be addressed in turn.

### Sufficiency of the Evidence

{¶10} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the

verdict. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In essence, sufficiency is a test of adequacy. *Thompkins* at 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. *State v. Goff,* 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998); *Smith* at 113. When evaluating the sufficiency of the evidence to prove the elements, it must be remembered that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259, 272–273, 574 N.E.2d 492 (1991) (superseded by state constitutional amendment on other grounds).

**{¶11}** Appellant was convicted of domestic violence in violation of R.C. 2919.25(A). This section provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member[.]" R.C. 2919.25(A).

**{¶12}** Appellant concedes that Cathy is a family or household member. However, he argues that he did not knowingly cause or attempt to cause her physical harm.

**{¶13}** R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.22(B) indicates that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

**{¶14}** Viewing the evidence in a light most favorable to the state, the state produced sufficient evidence, which if believed, could prove beyond a reasonable doubt that appellant is guilty of domestic violence in violation of R.C. 2919.25(A). As the below analysis shows, Cathy testified to at least two instances of appellant knowingly attempting to cause her physical harm and one instance of appellant actually causing her physical harm.

{¶15} Appellant's first attempt to cause Cathy physical harm is derived from Cathy's testimony regarding appellant ripping the door off the bedroom and throwing in on the bed where she was sitting. Cathy testified that:

> He kicked it [the door] open and started screaming at me. And then he started ripping the door off of its hinges with both hands. And he kept screaming at me that he hated me. He said he wanted me out of his life. He said he felt like killing me. And he finally got the door off the hinges, completely off. And he picked the door up and threw it up on top of the bed.

Tr. 12.

{¶16} Cathy indicated that she jumped off the bed to get out of the way. Tr. 12. She also stated that she was not going to remain on the bed because the door looked as if it was going to land on the bed. Tr. 36. This is an indication that the door could have hit her if she did remain on the bed. It is logical to conclude that the action of throwing a door onto a bed where another person is sitting could cause that person to be hit and/or suffer some type of physical injury. Based upon the above definition of "knowingly," it is enough that appellant was aware that throwing this door on the bed where Cathy was sitting would probably hit her and cause her injury. *See State v. Ward*, 10th Dist. No. 10AP-430, 2011-Ohio-608, ¶ 12 (struggling with victim while holding a pot of hot water would probably cause her to spill the hot water and cause her injury).

{¶17} Appellant's second attempt to cause physical harm to his wife occurred when he swung the butt of the rifle around like a bat. Tr. 14-15. Cathy testified that appellant swung the rifle around "like a bat, like he was going to hit me in the head with it and I jumped back." Tr. 14-15, 42, 44. This testimony is likewise an indication that had Cathy remained where she was he would have hit her. Swinging a rifle like a bat and hitting a person with the butt of a gun will cause physical harm. Thus, it is logical to conclude that his action of swinging the rifle like a bat was an attempt to cause her physical harm. When appellant hit the butt of the rifle into the door it

caused a hole. Thus, it is reasonable to conclude that if the butt of the rifle had hit her it would have caused some type of physical harm.

{¶18} In addition to the two attempts discussed above, there is evidence to establish that appellant did cause actual physical harm to Cathy. She testified that while appellant was hitting the wooden door with the butt of the rifle, pieces of the wood broke off. Tr. 17. She stated that he picked up a piece of the wood and reared it back like a spear. She then turned to go toward the bathroom to get away from appellant and was struck in the buttock with the piece of wood. Tr. 17, 48, 59. She described the wood as being about the width of a yard stick, a foot long and jagged on the end. Tr. 50. The wood stick hitting her caused a dime sized injury that bled. Tr. 21-22. She indicated that she believed it was appellant's intent to hit her with the wood. Tr. 68.

{¶19} Appellant tried to support his sufficiency argument by alleging that Cathy turned her back and did not see the wood hit her in the behind. However, alleging that she did not see the wood hit her buttock does not mean that it did not happen. Cathy's testimony clearly indicated that she turned away from appellant in an attempt to get away from him. Tr. 17. She saw him take the wood and toss it like a spear, which indicated to her that he was going to throw it at her. Tr. 48, 59. Since Cathy was struck while she was trying to get away from appellant, it is logical to infer that appellant did throw the wood at his wife and that it hit her.

{¶20} Furthermore, throwing a jagged piece of wood like a spear is likely to cause an injury. As explained, "knowingly" does not require that appellant acted with specific purpose, rather, it is enough that appellant was aware that it would probably cause an injury. *Ward,* 10th Dist. No. 10AP-430, 2011-Ohio-608, ¶ 12. Any reasonable person would be aware that throwing a stick like a spear would probably cause injury.

{¶21} Moreover, in this case, the wood did cause a dime sized injury on her buttock. Cathy's testimony, along with the testimony of Crystal, her neighbor that saw the injury after it happened, confirms the existence of this injury. Tr. 74. Additionally, pictures of Cathy's injury were introduced as exhibits. Although this

injury is minor, it is sufficient to meet the definition of physical harm espoused in R.C. 2901.01(A)(3), which states it is any physical harm regardless of gravity or duration which is prohibited.

**{¶22}** In his testimony, appellant does not dispute the fact that he threw the stick. Tr. 126, 131. Appellant does, however, dispute that he hit his wife with the stick or that he attempted to hit her with the stick. Tr. 126, 131. Additionally, he contends that although he swung the butt of the rifle around, he did not hit his wife and did not attempt to do so. Tr. 130-131. Similarly, appellant states that although he threw the door on the bed, his wife was not on the bed at that time and that this was not an attempt to hit her with it. Tr. 130-131.

**{¶23}** Nevertheless, appellant's testimony is irrelevant for purposes of his sufficiency review. As previously mentioned, the relevant inquiry is when viewing the evidence in a light most favorable to the state, could any rational trier of fact have found that the essential elements of this crime were proven beyond a reasonable doubt? *See, e.g., Jordan*, 7th Dist. No. 06HA586, ¶ 68, quoting *Jenks*, 61 Ohio St.3d at 259. Given the above analysis, the answer to that question is yes. Therefore, the state met its burden of production; when viewed in the light most favorable to the state any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. Appellant's sufficiency argument fails.

<u>Manifest Weight of the Evidence</u>

**{¶24}** In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion. *State v. Merritt,* 7th Dist. No. 09JE26, 2011-Ohio-1468, ¶ 34. In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences, and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins,* 78 Ohio St.3d at 387. "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.'" *Id.*

{¶25} A conviction will only be reversed as against the manifest weight of the evidence in exceptional circumstances. *Id.* at 387. This is so because the trier of fact is in a better position to determine credibility issues, since he personally viewed the demeanor, voice inflections and gestures of the witnesses. *State v. Hill,* 75 Ohio St.3d 195, 204, 661 N.E.2d 1068 (1996); *State v. DeHass,* 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). Consequently, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe," we must accede to the jury. *State v. Dyke,* 7th Dist. No. 99CA149, 2002 WL 407847 (Mar. 13, 2002), citing to *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999).

{¶26} In this case, there was conflicting testimony by the parties as to what transpired at the Dickson home on March 29, 2012.

{¶27} Appellant and Cathy both testified that an altercation occurred between them. Both agree that the door came off the hinges when appellant entered the room and that he threw it on the bed. However, Cathy claims appellant tore it off the hinges and that she was laying on the bed when he threw it on the bed. Appellant, on the other hand, claims that the door came off the hinges when he opened the door because it is a trailer and is poorly constructed. He further asserts that Cathy was not on the bed when he threw the door on the bed.

{¶28} Cathy and appellant also agree that appellant swung the rifle around. However, Cathy states that he swung it like he was going to hit her in the head with it. Tr. 15. She had to jump out of the way to avoid getting hit. Tr. 15. Appellant, on the other hand, claims that he was not intending to hit her with the rifle. Tr. 130.

{¶29} Both also agree that appellant threw a piece of wood. Cathy claims that appellant threw a piece of wood at her and it injured her buttock. Appellant admits to throwing the wood, but insists that he did not throw it at her and that it did not hit her. He contends that the injury to her buttock was probably caused by her psoriasis; she has a skin condition that bleeds easily when scratched. Tr. 120-121.

{¶30} This presents this court with two versions of events. The version which supports the conviction of appellant is not completely unbelievable. Therefore, we

must accede to the jury's finding. *Gore*, 131 Ohio App.3d at 201; *Dyke,* 7th Dist. No. 99CA149, 2002 WL 407847. Consequently, any manifest weigh of the evidence argument fails.

{¶31} In conclusion, the sole assignment of error lacks merit. Therefore, the judgment of the trial court is hereby affirmed.

Waite, J., concurs.
DeGenaro, P.J., concurs.