[Cite as *State v. Cauthon*, 2019-Ohio-1809.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18-CA-41 |
| TIFFANI CAUTHON | |
| | |
| Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the Fairfield Court of
                              Common Pleas, Case No. 2017 CR
                              00074


JUDGMENT:                     Affirmed In Part and Reversed and
                              Remanded In Part

DATE OF JUDGMENT ENTRY:       May 9, 2019

APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

R. KYLE WITT                              JAMES A. ANZELMO
Fairfield County Prosecuting Attorney     446 Howland Drive
                                          Gahanna, Ohio  43230
BRIAN T. WALTZ
Assistant Prosecuting Attorney
239 West Main Street – Suite 101
Lancaster, Ohio  43130

*Hoffman, P.J.*

**{¶1}** Appellant Tiffani Cauthon appeals the judgment entered by the Fairfield County Common Pleas Court convicting her of aggravated possession of drugs (R.C. 2925.11(A),(C)(1)(a)), possession of marijuana (R.C. 2925.11(A)(C)(3)(a)), operating a vehicle under the influence of alcohol or a drug of abuse (R.C. 4511.19(A)(1)(a)), operating a motor vehicle without a license (R.C. 45.1012(A)(1)), and violation of lanes of travel on roadways (R.C. 4511.33(A), (B)), and sentencing her to five years community control. Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** At approximately 2:20 a.m. on September 8, 2016, Sgt. Timothy Bullock of the Ohio State Highway Patrol observed a vehicle driven by Appellant speeding. He further observed her weaving in her lane, and hitting her brakes to avoid striking a Pickerington police car from the rear.

**{¶3}** Sgt. Bullock stopped Appellant's car. Upon approaching the rear bumper of the vehicle, he could smell an overwhelming odor of burnt marijuana coming from the vehicle. Appellant was the sole occupant. Upon requesting her license, Appellant informed the officer she did not have a valid driver's license.

**{¶4}** Sgt. Bullock asked Appellant to step out of the vehicle. He could smell marijuana on her person. She reported there was no marijuana in the vehicle, and stated she was out at 2:20 in the morning to buy French fries.

**{¶5}** After placing Appellant in the rear of his cruiser, Sgt. Bullock searched the car. In the center console storage area by the driver's seat, he found three items stacked on top of each other and on top of the other items in the console: a plastic baggie containing marijuana, a work photo identification belonging to Appellant, and another

plastic baggie which appeared to the officer to contain powder cocaine. However, further examination of the baggie revealed the baggie contained pills, which later tested to be methamphetamine. Additionally, in the cup holder in the center console, the officer found a cup containing soda. Floating in the soda the officer found a partially consumed marijuana cigarette, which smelled like burnt marijuana.

{¶6} Sgt. Bullock asked Appellant to perform field sobriety tests. She exhibited no clues on the horizontal gaze nystagmus test, which is designed primarily to determine if a person is under the influence of alcohol. He noted her eyes failed to converge, which indicates the usage of marijuana. On the walk and turn test, Appellant exhibited four clues. On the one-legged stand test, she exhibited one clue, and on the alphabet recitation test, she skipped over four letters.

{¶7} Appellant refused to submit to a urine test. She indicated to the officer she had to go home immediately, as she needed to be at work at 8:30 the same morning.

{¶8} Appellant was charged with aggravated possession of drugs, possession of marijuana, operating a motor vehicle under the influence of alcohol or a drug of abuse (OMVI), operating a motor vehicle without a license, and violation of lanes of travel on roadways. Following jury trial, the jury found her guilty of aggravated possession of drugs and OMVI, and the court found Appellant guilty of the remaining charges. She was sentenced to five years community control.

{¶9} It is from the August 7, 2018 judgment of conviction and sentence Appellant prosecutes this appeal, assigning as error:

I. TIFFANI CAUTHON'S CONVICTIONS FOR AGGRAVATED DRUG POSSESSION AND OPERATING A VEHICLE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS ARE BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

II. TIFFANI CAUTHON'S CONVICTIONS FOR OPERATING A VEHICLE UNDER THE INFLUENCE OF DRUGS OR ALCOHOL AND AGGRAVATED DRUG POSSESSION ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

III. THE TRIAL COURT ERRED WHEN IT SENTENCED CAUTHON, IN VIOLATION OF HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

I., II.

{¶10} In her first and second assignments of error, Appellant argues her convictions for OMVI and aggravated possession of drugs are against the manifest weight and sufficiency of the evidence.

**{¶11}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin,* 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶12}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶13}** Appellant was convicted of aggravated possession of drugs in violation of R.C. 2925.11(A), which provides, "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." R.C. 2925.01(K) states:

> "Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.

**{¶14}** Possession may be actual or constructive. *State v. Butler,* 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989). To establish constructive possession, the evidence must

prove the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist. Cuyahoga 2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler, supra; State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714, ¶ 50. Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith*, 9th Dist. Summit No. 20885, 2002-Ohio-3034, ¶ 13. Furthermore, possession may be individual or joint. *Wolery*, *supra*, 46 Ohio St.2d at 332, 348 N.E.2d 351. Multiple individuals may constructively possess a particular item simultaneously. *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986.

{¶15} Appellant argues the evidence is insufficient to demonstrate she possessed the methamphetamine found in the center console, and the judgment finding she possessed the methamphetamine is against the weight of the evidence. She argues the evidence supports a finding she was using marijuana rather than methamphetamine. She argues she was not the only person with access to the car, as the car was rented in her friend's name, and they shared usage of the car.

{¶16} Appellant relies on *State v. Kingsland,* 177 Ohio App. 3d 655, 2008-Ohio-4148 (4th Dist. Adams). In *Kingsland,* police found chemicals used to make methamphetamine in the bed of a pickup truck, in which the defendant was a passenger, during a traffic stop. The chemicals were partially concealed and the odor of the chemicals was not readily apparent. The Court of Appeals for the Fourth District found the evidence insufficient to demonstrate the defendant "should have or could have known

that he was in close proximity to illegal chemicals based upon their appearance and location in the truck." *Id.* at ¶20. The court reversed the defendant's conviction for possession of chemicals for the manufacture of drugs as against the manifest weight and sufficiency of the evidence. *Id.* at ¶¶20-21.

{¶17} We find the instant case distinguishable from *Kingsland.* Appellant was driving the car and was its sole occupant. She admitted she had been using the car during the day, and she shared the car with her friend. Appellant told the officer the items in the back of the car were items from her storage unit. The drugs were found in the center console of the vehicle, directly next to the driver's seat where Appellant had been seated. On top of other items in the console, the officer found three items stacked directly on top of each other: marijuana which Appellant eventually admitted she knew was in the car, a work identification card with Appellant's picture on it, and the baggie containing methamphetamine. From this evidence, the jury could find Appellant constructively possessed the methamphetamine. We find the judgment finding she possessed the drugs is not against the manifest weight of the evidence.

{¶18} Appellant was also convicted of OMVI in violation of R.C. 4511.19(A)(1)(a), which provides:

> (A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
>
> (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

**{¶19}** The officer observed Appellant following a Pickerington police cruiser too closely, speeding, and weaving. When he stopped Appellant's vehicle, the odor of burnt marijuana was apparent from the rear bumper of the car. After removing Appellant from the vehicle, he could smell burnt marijuana on her person. Sgt. Bullock found a partially-smoked marijuana cigarette, still smelling of burnt marijuana, floating in a soda in the cup holder of the vehicle. Appellant admitted using marijuana. The officer testified Appellant failed several field sobriety tests, and her eyes failed to converge when he administered the convergence test, which is indicative of marijuana use. She further refused a drug test. From this evidence, the jury could conclude Appellant was operating her vehicle under the influence of marijuana, and the judgment is supported by sufficient evidence.

**{¶20}** Appellant offers several explanations for her poor performance on field sobriety tests. She acknowledges she admitted to using marijuana and violated traffic laws while driving, but argues the totality of the evidence negates a finding she was impaired. She argues it is reasonable to conclude when asked to recite the alphabet from D through X, she misunderstood and therefore recited the alphabet from D through S, and did not skip from R to X as indicated by Sgt. Bullock. She argues she could not perform the walk and turn test because she was cold and shivering, and her refusal to take the urine test was not due to consciousness of guilt, but because she was under a time constraint.

**{¶21}** The jury heard the testimony of Sgt. Bullock and watched the video of the traffic stop, which included the field sobriety tests. From the testimony at trial and the video, we find the jury did not lose its way in finding Appellant guilty of OMVI.

**{¶22}** The first and second assignments of error are overruled.

III.

{¶23} In her third assignment of error, Appellant argues the court erred in sentencing her to a different sentence than the sentence pronounced from the bench.[1]

{¶24} In its judgment entry of sentencing, the court indicated if Appellant violated her community control on the possession of drugs charge, she could be incarcerated for six months to be served at the Ohio Reformatory for Women in Marysville, Ohio. However, during the sentencing hearing, the court stated if she violated community control, she could be sentenced to a six month term of incarceration at the Fairfield County Jail. Sent. Tr. 15.

{¶25} Crim.R. 43(A) provides the defendant shall be present at every stage of the trial, including at the imposition of sentence. Because the defendant's presence is required when the court imposes sentence, the trial court errs when its judgment entry of sentence differs from the sentence announced at the sentencing hearing in the defendant's presence. *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990 (7th Dist. Belmont), ¶30.

{¶26} A difference between the sentence pronounced from the bench and the judgment of sentencing at times requires a remand for resentencing. *See, e.g, Kase, supra* (remanded for resentencing where court imposed a life sentence from the bench but life without possibility parole in entry); *State v. Alvelo*, 8th Dist. Cuyahoga No. 104422, 2017-Ohio-742, 85 N.E.3d 1032 (resentencing required where court imposed sentences in judgment entry on counts it failed to orally pronounce sentence on during hearing); *State v. West*, 9th Dist. Summit No. 27485, 2015-Ohio-2936 (resentencing required

---

[1] The State failed to respond to this assignment of error in its brief.

where sentencing entry ordered defendant to serve 30 days in jail on drug paraphernalia count after the court failed to address that count in open court).

**{¶27}** However, where it appears the discrepancy between the sentence pronounced in court and the entry is merely a scrivener's error, the court can correct the entry to reflect the sentence pronounced from the bench by a nunc pro tunc judgment. *See, e.g., Alvelo, supra* (court should issue nunc pro tunc entry to correct amount of restitution); *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016-Ohio-3320 (trial court ordered to issue a nunc pro tunc order to correct the sentencing entry to reflect the sentence imposed at the sentencing hearing regarding firearm specifications).

**{¶28}** In the instant case, the record is not clear if the trial court intended any sentence imposed for violation of community control to be served in the Ohio Reformatory for Women in Marysville, or in the Fairfield County Jail. If the trial court's intention is a sentence for violation of community control be served in the Fairfield County Jail, the trial court is ordered to issue a nunc pro tunc order to conform the sentencing entry to the oral announcement of sentence. If the trial court's intention is a sentence for violation of community control be served in the Ohio Reformatory for Women, Appellant must be resentenced.

**{¶29}** The third assignment of error is sustained.

{¶30} The judgment of the Fairfield County Common Pleas Court is reversed only as to the imposition of sentence in the event of a violation of community control. The judgment is affirmed in all other respects. This case is remanded for further proceedings in accordance with this opinion and the law.

By: Hoffman, P.J.

Wise, John, J. and

Baldwin, J. concur