[Cite as *State v. Tanner*, 2024-Ohio-988.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 23CA0055 |
| | : | |
| JOHN A. TANNER, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:　　　　Appeal from the Licking County Court of
　　　　　　　　　　　　　　　　　　　　Common Pleas, Case No. 22CR834


JUDGMENT:　　　　　　　　　　　　　AFFIRMED IN PART, REVERSED IN
　　　　　　　　　　　　　　　　　　　　PART, AND REMANDED


DATE OF JUDGMENT ENTRY:　　　　March 15, 2024


APPEARANCES:


For Plaintiff-Appellee:　　　　　　　　　For Defendant-Appellant:

JENNY WELLS　　　　　　　　　　　　RICHARD D. HIXSON
LICKING CO. PROSECUTOR　　　　　3808 James Court, Suite 2
KENNETH W. OSWALT　　　　　　　Zanesville, OH 43701
20 S. Second St., 4th Floor
Newark, OH 43055

*Delaney, P.J.*

{¶1} Appellant John A. Tanner, Jr. appeals from the June 7, 2023 Nunc Pro Tunc Judgment of Conviction and Sentence of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3} Appellant was arrested on December 27, 2022, during an ongoing investigation into a series of child rape and abuse allegations involving multiple victims. Appellant was initially charged and held upon a single count of rape pursuant to R.C. 2907.02(A)(1)(b), a felony of the first degree.

{¶4} Defense trial counsel was appointed on December 29, 2022, and moved for discovery, disclosure of evidence, and a bill of particulars on December 30, 2022.

{¶5} On January 5, 2023, appellant was charged by indictment with 12 criminal offenses, including, e.g., rape, G.S.I., and domestic violence. Appellant entered a plea of not guilty and a jury trial was scheduled for March 21, 2023.

{¶6} On January 26, 2023, a superseding indictment was filed, charging appellant with 21 counts including, e.g., rape, child endangering, and sexual battery. Appellant entered pleas of not guilty.

{¶7} Appellee filed a response to appellant's discovery demand and a bill of particulars on February 22, 2023. Appellant provided reciprocal discovery on February 23, 2022.

{¶8} On February 28, 2023, a Judgment Entry was entered by the trial court continuing the jury trial to June 6, 2023, tolling speedy trial time "for the reason that the Judge is unavailable due to courtroom renovation and the case must be continued to a new date within a reasonable amount of time."

{¶9} A pretrial conference was held on March 17, 2023. The pretrial memorandum filed on that date states in pertinent part:

> * * * *.
>
> The parties agree that the speedy trial provisions require that the trial in this matter be held no later than: 08/20/2023. However, in the event this case is scheduled for trial beyond the speedy trial date, the defendant waives any speedy trial violation until this agreed date.
>
> * * * *.

{¶10} The pretrial memorandum is executed by the trial court, prosecutor, defense counsel, and appellant.

{¶11} On June 1, 2023, appellee filed a "Motion to Convert Jury Trial to Frye/Lafler Hearing" and the trial court scheduled an oral hearing on the motion for June 5, 2023.

{¶12} On June 5, 2023, the parties appeared before the trial court and appellant changed his pleas of not guilty to ones of guilty upon the following counts, and was sentenced as shown in accord with a negotiated joint recommendation:

| Count No. | Offense | R.C. Section | Degree | Sentence imposed |
|---|---|---|---|---|
| 1 | Rape | 2907.02(A)(1)(b) | F1 | 10 years to life |
| 5 | Rape | 2907.02(A)(1)(b) | F1 | 10 years to life |
| 12 | Child end. | 2919.22(A) | F4 | 18 months |
| 15 | Rape | 2907.02(A)(2) | F1 | 10-15 years |
| 19 | Rape | 2907.02(A)(2) | F1 | 10-15 years |
| 21 | Contributing | 2919.24(B)(1) | M1 | 6 months jail |

{¶13} Counts 1 and 5 were ordered to be served consecutively to each other. Counts 12, 15, 19, and 21 were ordered to be served concurrently with each other, and concurrently with the sentences on Counts 1 and 5. The remaining counts were dismissed by appellee. Appellant was designated a Tier III Sex Offender.

{¶14} The trial court's sentence was memorialized in a "Judgment of Conviction and Sentence" dated June 5, 2023.

{¶15} On June 7, 2023, the trial court filed a "Nunc Pro Tunc Judgment of Conviction and Sentence" correcting scrivener's errors in the original sentencing entry.

{¶16} Appellant now appeals from the trial court's judgment entry of June 7, 2023.

{¶17} Appellant raises two assignments of error:

## ASSIGNMENTS OF ERROR

{¶18} "I. DEFENDANT/APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE WHEN TRIAL COUNSEL FAILED TO MAKE A MOTION TO DISMISS ON STATUTORY SPEEDY TRIAL GROUNDS."

{¶19} "II. DEFENDANT/APPELLANT'S SENTENCE OF TEN YEARS TO LIFE ON COUNT FIVE WAS NOT AUTHORIZED BY LAW, DESPITE THE JOINTLY RECOMMENDED SENTENCE."

## ANALYSIS

### I.

{¶20} In his first assignment of error, appellant argues he received ineffective assistance of defense trial counsel because counsel failed to file a motion to dismiss for violation of speedy-trial limits. We disagree.

*Appellant has waived his right to assert a speedy-trial argument*

{¶21} The test for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See, also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). There is essentially a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, the trial court must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If the court finds ineffective assistance of counsel, it must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶22} In order to warrant a finding trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley.*

{¶23} In determining a claim of ineffective assistance of counsel, our review is limited to the record before us. *State v. McCauley*, 5th Dist. Licking No. 16-CA-93, 2017-Ohio-4373, ¶ 21, citing *State v. Prophet*, 10th Dist. Franklin No. 14AP–875, 2015–Ohio–4997, ¶ 32. To the extent that appellant argues that his trial counsel was ineffective in failing to file a motion to dismiss on speedy trial grounds, appellant waived his right to effective assistance of counsel in regard to speedy-trial issues. See *State v. Mayle*, 5th Dist. Morgan No. CA 07–3, 2008–Ohio–286. As noted by the court in *Mayle*, at ¶ 39, "[e]ssentially, by entering a guilty plea a defendant waives all errors, absent a showing

that the defendant was coerced or induced into making the plea. *Kelly, supra,* at 130–131.

{¶24} In the instant case, appellant does not point to, and we do not discern, any evidence he was coerced or induced into entering the guilty pleas.

*Appellant has overlooked waiver of time*

{¶25} Speedy-trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd,* 56 Ohio St.2d 197, 383 N.E.2d 579 (1978); *State v. Pachay,* 64 Ohio St.2d 218, 416 N.E.2d 589 (1980). A person charged with a felony must be brought to trial within 270 days unless the right to a speedy trial is waived. R.C. 2945.71(C)(2). Under the "triple count provision" contained in R.C. 2945.71(E), each day a defendant is held in jail in lieu of bail counts as three days in the speedy trial time calculation. Thus, a defendant held in jail without bail pending a felony charge must be tried within 90 days. Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred.

{¶26} A defendant cannot raise a speedy trial for the first time on appeal. *State v. Salser*, 5th Dist. Richland No. 2019 CA 0087, 2020-Ohio-1000, ¶ 25, citing *City of Worthington v. Ogilby,* 8 Ohio App.3d 25, 455 N.E.2d 1022 (10th Dist.1982). If a motion to dismiss was not made before the trial court, the record is not properly developed on the issue of whether any time was tolled under the statute. The proper mechanism to develop the record would be a post-conviction relief petition alleging ineffective

assistance of counsel for failing to file a motion to dismiss for speedy trial time, giving both parties the opportunity to present evidence and testimony to establish whether or not any time was tolled. *Id.* at ¶ 46.

{¶27} Without an evidentiary hearing before the trial court to develop the record on this issue, this Court is unable to review the issue and as such, as noted above it is more appropriate for postconviction relief. *State v. McCraney*, 5th Dist. Richland No. 2005CA88, 2006-Ohio-3460, ¶ 22, quoting *Vance, Id.*

{¶28} Ultimately, though, appellant's argument fails. We note appellant claims "there is only one event that could be considered a tolling event under R.C. 2945.72 is the order rescheduling the jury trial from March 21st, 2023 to June 6th, 2023" (*sic*). Appellant's Brief, 10. Appellant has overlooked the waiver of time until August 20, 2023, executed by defense trial counsel and appellant personally at the pretrial on March 17, 2023. On March 17, 2023, when appellant personally executed a time waiver, he had been jailed for approximately 79 days, well within the 90-day triple-count provision for a felony of the first degree. *See,* R.C. 2945.71.

{¶29} Appellant's speedy-trial argument is therefore not well-taken procedurally and on the merits. The first assignment of error is overruled.

II.

{¶30} In the second assignment of error, appellant and appellee agree the sentence contained in the trial court's nunc pro tunc entry of June 7, 2023, does not match the sentence imposed at the sentencing hearing. We agree.

{¶31} The parties point to the following discrepancies between the sentence announced in open court and the trial court's nunc pro tunc entry of June 7, 2023:

--Count 5 is correctly noted as one count of rape pursuant to R.C. 2907.02(A)(1)(b) on page one of the entry, but is cited as a violation of R.C. 2907.02(A)(2) on page two.

--Count 11 on page one of the entry is pursuant to R.C. 2919.25(A).

--Count 2 is not listed as one of the counts dismissed on page two, second paragraph.

--Count 21, contributing to the delinquency of a minor pursuant to R.C. 2919.24(B)(1) is a misdemeanor of the first degree but is included in the trial court's "Prison" sanction (page 3) and should be served as local incarceration (page 4).

{¶32} Crim.R. 43(A) provides the defendant shall be present at every stage of the trial, including at the imposition of sentence. Because the defendant's presence is required when the court imposes sentence, the trial court errs when its judgment entry of sentence differs from the sentence announced at the sentencing hearing in the defendant's presence. *State v. Cauthon*, 5th Dist. Fairfield No. 18-CA-41, 2019-Ohio-1809, ¶ 25, citing *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990, ¶ 30 (7th Dist. Belmont).

{¶33} A difference between the sentence pronounced from the bench and the judgment of sentencing at times requires a remand for resentencing. *Id.*, 2019-Ohio-1809 at ¶ 26, internal citations omitted. However, where it appears the discrepancy between the sentence pronounced in court and the entry is merely a scrivener's error, the court can correct the entry to reflect the sentence pronounced from the bench by a nunc pro tunc judgment. *Id.* at ¶ 27.

{¶34} In the instant case, we discern from the record of the plea agreement, sentencing transcript, and judgment entries that the above discrepancies are scrivener's errors. The trial court is therefore ordered to issue a nunc pro tunc order to conform the sentencing entry to the oral announcement of sentence.

{¶35} The second assignment of error is sustained.

## CONCLUSION

{¶36} The judgment of the Licking County Common Pleas Court is reversed only as to the imposition of sentence as noted in our discussion supra. The judgment is affirmed in all other respects. This case is remanded for further proceedings in accordance with this opinion and the law. *Cauthon*, supra, 2019-Ohio-1809 at ¶ 30.

By: Delaney, P.J.,

Gwin, J. and

Wise, J., concur.